**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SAADIQ LONG**,<br><br>Plaintiff,<br><br>v.<br><br>**CHIEF WADE GOURLEY,** Chief, Oklahoma City Police Department, in his official capacity only;<br><br>**OFFICER BRADLEY** (first name unknown), Oklahoma City Police Department, in his individual capacity;<br><br>**OFFICER DUSTIN FULTON,** Oklahoma City Police Department, in his individual capacity;<br><br>**OFFICER MULLINS** (first name unknown), Oklahoma City Police Department, in his individual capacity;<br><br>and<br><br>**UNKNOWN OFFICERS 1-14,** Oklahoma City Police Department, in their individual capacities;<br><br>Defendants. | ) | Case No. CIV-23-80-JD<br><br>JURY TRIAL DEMANDED |

**ANSWER OF DEFENDANT CHIEF WADE GOURLEY**

COMES NOW a Defendant, Chief Wade Gourley (hereinafter "Gourley" or "Defendant" or "City"), and for his Answer to the Amended Complaint of Plaintiff filed herein, alleges and states as follows:

1. Denied.

2. Denied.

3. Denied.

4. Admitted.

5. Admitted.

6. Plaintiff has withdrawn his claim for declaratory and injunctive relief.

7. Paragraph 7 contains a legal conclusion not requiring a response. To the extent a response is required, Defendant City denies paragraph 7 as written.

8. Admitted.

9. City is without sufficient information to admit or deny paragraph 9; therefore, it is denied.

10. Denied as written.

11. Denied as written.

12. Paragraph 12 contains a legal conclusion not requiring a response. To the extent a response is required, Defendant City denies paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Paragraph 22 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 22 as written.

23. Paragraph 23 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 23 as written.

24. Paragraph 24 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 24 as written.

25. Paragraph 25 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 25 as written.

26. Paragraph 26 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 26 as written.

27. Paragraph 27 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 27 as written.

28. Paragraph 28 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 28 as written.

29. Paragraph 29 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 29 as written.

30. Paragraph 30 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 30 as written.

31. Paragraph 31 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 31 as written.

32. Paragraph 32 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 32 as written.

33. Paragraph 33 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 33 as written.

34. Paragraph 34 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 34 as written.

35. Paragraph 35 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 35 as written.

36. Paragraph 36 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 36 as written.

37. Paragraph 37 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 37 as written.

38. Paragraph 38 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 38 as written.

39. Denied as written.

40. Paragraph 40 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 40 as written.

41. Paragraph 41 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 41 as written.

42. Paragraph 42 does not contain allegations against Defendant City. To the extent a response is required, City is without sufficient information to admit or deny paragraph 42 and therefore it is denied.

43. Paragraph 43 does not contain allegations against Defendant City. To the extent a response is required, City is without sufficient information to admit or deny paragraph 43 and therefore it is denied.

44. Denied as written.

45. Denied as written.

46. Denied as written.

47. Denied as written.

48. Denied as written.

49. Denied.

50. Defendant City is without sufficient information to admit or deny paragraph 50, therefore, it is denied.

51. Defendant City is without sufficient information to admit or deny paragraph 51, therefore, it is denied.

52. Defendant City is without sufficient information to admit or deny paragraph 52, therefore, it is denied.

53. Defendant City is without sufficient information to admit or deny paragraph 53, therefore, it is denied.

54. Defendant City is without sufficient information to admit or deny paragraph 54, therefore, it is denied.

55. Defendant City is without sufficient information to admit or deny paragraph 55, therefore, it is denied.

56. Defendant City is without sufficient information to admit or deny paragraph 56, therefore, it is denied.

57. Defendant City is without sufficient information to admit or deny paragraph 57, therefore, it is denied.

58. Defendant City is without sufficient information to admit or deny paragraph 58, therefore, it is denied.

59. Defendant City is without sufficient information to admit or deny paragraph 59, therefore, it is denied.

60. Defendant City is without sufficient information to admit or deny paragraph 60, therefore, it is denied.

61. Defendant City is without sufficient information to admit or deny paragraph 61, therefore, it is denied.

62. Defendant City is without sufficient information to admit or deny paragraph 62, therefore, it is denied.

63. Defendant City is without sufficient information to admit or deny paragraph 63, therefore, it is denied.

64. Defendant City is without sufficient information to admit or deny paragraph 64, therefore, it is denied.

65. Defendant City is without sufficient information to admit or deny paragraph 65, therefore, it is denied.

66. Defendant City is without sufficient information to admit or deny paragraph 66, therefore, it is denied.

67. Defendant City is without sufficient information to admit or deny paragraph 67, therefore, it is denied.

68. Defendant City is without sufficient information to admit or deny paragraph 68, therefore, it is denied.

69. Defendant City is without sufficient information to admit or deny paragraph 69, therefore, it is denied.

70. Defendant City is without sufficient information to admit or deny paragraph 70, therefore, it is denied.

71. Defendant City is without sufficient information to admit or deny paragraph 71, therefore, it is denied.

72. Defendant City is without sufficient information to admit or deny paragraph 72, therefore, it is denied.

73. Defendant City is without sufficient information to admit or deny paragraph 73, therefore, it is denied.

74. Defendant City is without sufficient information to admit or deny paragraph 74, therefore, it is denied.

75. Defendant City is without sufficient information to admit or deny paragraph 75, therefore, it is denied.

76. Defendant City is without sufficient information to admit or deny paragraph 76, therefore, it is denied.

77. Defendant City is without sufficient information to admit or deny paragraph 77, therefore, it is denied.

78. Defendant City is without sufficient information to admit or deny paragraph 78, therefore, it is denied.

79. Defendant City is without sufficient information to admit or deny paragraph 79, therefore, it is denied.

80. Defendant City is without sufficient information to admit or deny paragraph 80, therefore, it is denied.

81. Defendant City is without sufficient information to admit or deny paragraph 81, therefore, it is denied.

82. Defendant City is without sufficient information to admit or deny paragraph 82, therefore, it is denied.

83. Defendant City is without sufficient information to admit or deny paragraph 83, therefore, it is denied.

84. Defendant City is without sufficient information to admit or deny paragraph 84, therefore, it is denied.

85. Defendant City is without sufficient information to admit or deny paragraph 85, therefore, it is denied.

86. Paragraph 86 does not contain allegations against Defendant City. To the extent a response is required, City denies as written.

87. City incorporates by reference the above and foregoing paragraphs as set forth in full herein.

88. Paragraph 88 does not contain allegations against Defendant City but is a broad statement of law. To the extent a response is required, City denies as written.

89. Paragraph 89 is an overly broad statement of law containing a legal conclusion. City denies as written.

90. Paragraph 90 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 90 as written.

91. Paragraph 91 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 91 as written.

92. Paragraph 92 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 92 as written.

93. Paragraph 93 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 93 as written.

94. Defendant City is without sufficient information to admit or deny paragraph 94, therefore, it is denied.

95. Denied as written.

96. Denied as written.

97. Denied.

98. Denied.

99. City incorporates by reference the above and foregoing paragraphs as set forth in full herein.

100. Paragraph 100 does not contain allegations against Defendant City but is a broad statement of law. To the extent a response is required, City denies as written.

101. Paragraph 89 is an overly broad statement of law containing a legal conclusion. City denies as written.

102. Paragraph 102 does not contain allegations against Defendant City. To the extent a response is required, City denies as written.

103. Paragraph 103 does not contain allegations against Defendant City. To the extent a response is required, City denies as written.

104. Paragraph 104 does not contain allegations against Defendant City. To the extent a response is required, City denies as written.

105. Paragraph 105 does not contain allegations against Defendant City. To the extent a response is required, City denies as written.

106. Paragraph 106 contains improper legal conclusions not requiring a response. Further, Defendant City is without sufficient information to admit or deny the allegations in paragraph 106, and it is therefore denied as written.

107. Paragraph 107 contains an improper legal conclusion not requiring a response. To the extent a response is required, City denies as written.

108. City denies the request for relief and judgement in paragraph 108.

109. City incorporates by reference the above and foregoing paragraph as set forth in full herein.

110. Paragraph 110 does not contain allegations against Defendant City but is a broad statement of law. To the extent a response is required, City denies as written.

111. Paragraph 111 is an overly broad statement of law containing a legal conclusion. City denies as written.

112. Paragraph 112 does not contain allegations against Defendant City. To the extent a response is required, City denies as written.

113. Paragraph 113 does not contain allegations against Defendant City. To the extent a response is required, City denies as written.

114. Paragraph 114 does not contain allegations against Defendant City. To the extent a response is required, City denies as written.

115. Paragraph 115 does not contain allegations against Defendant City. To the extent a response is required, City denies as written.

116. Defendant City is without sufficient information to admit or deny the allegations in paragraph 116, and it is therefore denied as written.

117. Paragraph 117 contains improper legal conclusions not requiring a response. Further, Defendant City is without sufficient information to admit or deny the allegations in paragraph 117, and it is therefore denied as written.

118. Paragraph 118 contains an improper legal conclusion not requiring a response. To the extent a response is required, City denies as written.

119. City denies the request for relief and judgement.

120. City incorporates by reference the above and foregoing paragraphs as set forth in full herein.

121. Paragraph 121 does not contain allegations against Defendant City but is a broad statement of law. To the extent a response is required, City denies as written.

122. Paragraph 122 is an overly broad statement of law containing a legal conclusion. City denies as written.

123. Paragraph 123 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 123 as written.

124. Paragraph 124 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 124 as written.

125. Paragraph 125 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 125 as written.

126. Paragraph 126 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 126 as written.

127. Defendant City is without sufficient information to admit or deny the allegations in paragraph 127, and it is therefore denied as written.

128. Paragraph 128 contains improper legal conclusions not requiring a response. Further, Defendant City is without sufficient information to admit or deny the allegations in paragraph 128, and it is therefore denied as written.

129. Paragraph 129 contains improper legal conclusions not requiring a response. Further, Defendant City is without sufficient information to admit or deny the allegations in paragraph 129, and it is therefore denied as written.

130. Paragraph 130 contains improper legal conclusions not requiring a response. Further, Defendant City is without sufficient information to admit or deny the allegations in paragraph 130, and it is therefore denied as written.

131. Paragraph 131 contains improper legal conclusions not requiring a response. Further, Defendant City is without sufficient information to admit or deny the allegations in paragraph 131, and it is therefore denied as written.

132. Paragraph 132 contains improper legal conclusions not requiring a response. To the extent a response is required, City denies as written.

133. City denies the request for relief and judgement.

134. City incorporates by reference the above and foregoing paragraphs as set forth in full herein.

135. Paragraph 135 does not contain allegations against Defendant City but is a broad statement of law. To the extent a response is required, City denies as written.

136. Paragraph 136 is an overly broad statement of law containing a legal conclusion. City denies as written.

137. Paragraph 137 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 137 as written.

138. Paragraph 138 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 138 as written.

139. Paragraph 139 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 139 as written.

140. Paragraph 140 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 140 as written.

141. Paragraph 141 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 141 as written.

142. Paragraph 142 contains improper legal conclusions not requiring a response. Further, Defendant City is without sufficient information to admit or deny the allegations in paragraph 142, and it is therefore denied as written.

143. Paragraph 143 contains improper legal conclusions not requiring a response. Further, Defendant City is without sufficient information to admit or deny the allegations in paragraph 143, and it is therefore denied as written.

144. Paragraph 144 contains improper legal conclusions not requiring a response. Further, Defendant City is without sufficient information to admit or deny the allegations in paragraph 144, and it is therefore denied as written.

145. Paragraph 145 contains improper legal conclusions not requiring a response. Further, Defendant City is without sufficient information to admit or deny the allegations in paragraph 145, and it is therefore denied as written.

146. Paragraph 146 contains improper legal conclusions not requiring a response. Further, Defendant City is without sufficient information to admit or deny the allegations in paragraph 146, and it is therefore denied as written.

147. Paragraph 147 contains improper legal conclusions not requiring a response. To the extent a response is required, City denies as written.

148. City denies the request for relief and judgement in paragraph 148.

149. City denies the prayer for relief and judgement in paragraph 149 and all of its subparts.

**AFFIRMATIVE DEFENSES**

COMES NOW a Defendant, City of Oklahoma City, and for its Affirmative Defenses states as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted under state or federal law.

2. Plaintiff's own conduct contributed to and caused his injuries and damages.

3. Plaintiff's own conduct was criminal and negligent and was the intervening and/or supervening cause of his injuries and damages.

4. City had training, policies, procedures, rules and/or customs relevant to handling incidents of the type alleged here.

5. All relevant City training and its policies, procedures, rules and/or customs were constitutional.

6. City training and its policies, procedures, rules and/or customs were not the cause of or the moving force behind Plaintiff's alleged injuries and damages.

7. City did not act or fail to act with deliberate indifference or otherwise with the requisite degree of culpability to establish municipal liability under § 1983.

8. City did not fail to train its employees on procedures relevant to this incident.

9. City did not fail to supervise its employees.

10. City did not fail to take corrective action with its employees.

11. City is not responsible for the criminal and/or negligent conduct of Plaintiff who caused the injuries and damages sustained by Plaintiff.

12. City is not responsible for the conduct of any third parties.

13. Plaintiff's damages are limited and/or barred by the Oklahoma Governmental Torts Claim Act (OGTCA).

14. City is exempt from liability pursuant to the OGTCA.

15. Any de facto policies alleged by Plaintiff to be the policies of City in regard to this matter are not the policies of City.

16. The conduct of the individual city employees named in this action did not violate state or federal law, did not constitute negligence, and was constitutional.

17. The conduct of the individual city employees named in this action was lawful and consistent with the lawful policies and training of City.

18. Allegations against the individual City employees is improper.

19. Individual city employees are entitled to qualified immunity.

20. Plaintiff cannot recover punitive damages against City or any of its employees in their official capacity.

21. Plaintiff has failed to include necessary parties in this complaint, including but not limited to the federal government.

22. Wade Gourley in his official capacity is improperly named, and subject to being replaced by the City of Oklahoma City as the proper party.

WHEREFORE, Defendant, City of Oklahoma City, having answered Plaintiff's Complaint, prayerfully requests that this Court grant it judgment against Plaintiff, its costs and attorney fees.

Respectfully Submitted,

Kenneth Jordan
Municipal Counselor

Sherri R. Katz
Litigation Division Head

/s/ Benjamin Rose
Katie Goff, OBA# 32402
Richard N. Mann, OBA #11040
Benjamin Rose, OBA #34181
Assistant Municipal Counselors
200 N. Walker, 4th Floor
Oklahoma City, OK 73102
(405) 297-2451
katie.goff@okc.gov
richard.mann@okc.gov
benjamin.rose@okc.gov
*Attorneys for Defendant City*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of February, 2023, I electronically transmitted the attached Entry of Appearance to the Clerk of Court using the ECF System for filing, and transmittal of a Notice of Electronic Filing to the following ECF registrants: Veronica Laizure, vlaizure@cair.com, Lena Masri, lmarsri@cair.com, Gadeir Abbas, gabbas@cair.com, Justin Sadowski, jsadowsky@cair.com, Hannah Mullen, hmullen@cair.com, Attorneys for Plaintiff.

/s/ Benjamin Rose
Assistant Municipal Counselor